MANLEY *v.* BELEW.

*(Jackson,* April Term, 1950.)

Opinion filed June 9, 1950.

HARRY E. JONES, of Dresden, and GEORGE C. ROWLETT, of Martin, for appellant.

E. J. NUNN and W. G. TIMBERLAKE, both of Jackson, for appellee.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The bill in this cause was filed by the administrator of a deceased partner against the administrator of a partner, who survived but later died, for an accounting of the partnership. The defendant demurred to the bill. The Chancellor sustained two of the four grounds of the demurrer and dismissed the bill. We are convinced that the bill was properly dismissed at least on one of these grounds, and since this ground will be determinative of the lawsuit here, we will pretermit other questions.

It is alleged in the bill that C. W. Fulgham died intestate on June 8, 1943 and that on December 12, 1949 the appellant qualified as his administrator. It is likewise alleged that Lula Virginia Kelley Fulgham died on March 13, 1949 and that the appellee qualified as her administrator on March 19, 1949. The bill was filed on December 13, 1949.

It is alleged in the bill that C. W. Fulgham and Lula Virginia Kelley Fulgham entered into a partnership agreement about the year 1928 and from this partnership agreement they made a great deal of money. It is also said that they conducted various business operations all of which were in the name of Lula Virginia Kelley except one which was conducted under the name of W. L. McCaleb Mule Company; that these parties were probably married in 1928 but the complainant had no definite knowledge thereof and reserved the question of their marriage for proof; that the deaths of the parties were

as above set forth and that there had been no accounting of the partnership affairs between the parties or the representatives of the parties; that C. W. Fulgham, complainant's intestate, left surviving him two children as his heirs-at-law, Mrs. Madge Manley and Miss Mary Fulgham.

There is no allegation nor inference anywhere in the bill that there has been any agreement whatsoever to continue this partnership after the death of the first partner or that there has been any settlement or anything else between the heirs or administrator of the first partner who died or the second partner during her lifetime or since her decease.

The demurrer, the second ground thereof, is based upon the fact that the action herein was not commenced until more than 6 years after the death of the first partner and the dissolution of the partnership.

The Uniform Partnership Law as carried in the Code is determinative of the questions thus presented. Section 7868 of the Code defines dissolution, thus: ''The dissolution of a partnership is the change in the relation of the partners caused by any partner ceasing to be associated in the carrying on as distinguished from the winding up of the business.''

Code, Section 7870 specifies when there is a dissolution in the partnership and insofar as applicable herein provides: ''Dissolution is caused . . . (4) By the death of any partner.''

Code, Section 7882 specifies when actions for an accounting accrue thus: *''The right to an account* of his interest *shall accrue* to any partner or his legal representative, as against the winding up partners or the surviving partners or the person or partnership continuing

the business, *at the date of dissolution, in the absence of any agreement to the contrary."* (Emphasis ours.)

It will thus be seen that the right of action, under the allegations of this bill, to the complainant started as of the date of the death of C. W. Fulgham there being absolutely no allegations of any agreement to continue the partnership in effect, or for the purpose of winding it up.

 The Statute of Limitations relied on by the appellee in his demurrer is our 6 year statute which is carried in the Code under Section 8600. This is the applicable statute in suits for a partnership accounting.

In the absence of the statutes above referred to (Uniform Partnership Law) the time for the beginning of an action for an accounting might and more than likely would be controlled by various facts and circumstances. See 40 Am. Jur., Sec. 345, page 370 and authorities there cited.

 Under the allegations of this bill, which must be taken as true, insofar as this proceeding is concerned, the statutes above quoted absolutely control the beginning of the action. Since it appears that nothing was done toward keeping this partnership in existence after the death of the first partner, we must sustain the plea of the Statute of Limitations relied on, Code Section 8600, and dismiss the suit. It, therefore, results that the decree of the Chancellor must be affirmed at the cost of the appellant.

All concur.